FILED FOR RECORD
9/22/2023 11:58 AM
BETTY HERRIAGE
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

CV23-0474-173

CAUSE NO. _____

| | | |
|---|---|---|
| ALESHIA SMITH, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HENDERSON COUNTY, TEXAS |
| ALLSTATE INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Aleshia Smith, ("Mrs. Smith"), Plaintiff herein, files this Original Petition against Allstate Indemnity Company ("Allstate") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Mrs. Smith is a Texas resident who resides in Henderson County, Texas.

2.    Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

### II.
### DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Mrs. Smith currently seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Henderson County because all or a substantial part of the events or omissions giving rise to the claim occurred in Henderson County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Henderson County.

## V.
## FACTUAL BACKGROUND

7.      Mrs. Smith is a named insured under a property insurance policy issued by Allstate.

8.      On or about May 31, 2023, Mrs. Smith's home located in Brownsboro, Texas, was extensively damaged after it was vandalized.  Mrs. Smith subsequently filed a claim on her insurance policy.

9.      Allstate improperly denied and/or underpaid the claim.

10.      The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all the damages were observed during the inspection, and undervalued the damages observed during the inspection.

11.      The adjuster's unreasonable investigation led to the underpayment of Mrs. Smith's claim.

2

12.     Moreover, Allstate performed an outcome-oriented investigation of Mrs. Smith's claim, which resulted in a biased, unfair, and inequitable evaluation of Mrs. Smith's losses on the property.

**VI.**
**CAUSES OF ACTION**

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Allstate had a contract of insurance with Mrs. Smith.  Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Mrs. Smith was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16.     Mrs. Smith, therefore, in addition to Mrs. Smith's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated § 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated § 541.060 by:

    (1)     misrepresenting to Mrs. Smith a material fact or policy provision relating to coverage at issue;

3

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)    failing to promptly provide to Mrs. Smith a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Mrs. Smith or submit a reservation of rights to Mrs. Smith; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated § 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)    making a material misstatement of law; and

    (5)    failing to disclose a matter required by law to be disclosed.

21.    Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.**    **Attorneys' Fees**

4

23.    Mrs. Smith engaged the undersigned attorney to prosecute this lawsuit against Allstate and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24.    Mrs. Smith is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Allstate, and Allstate did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25.    Mrs. Smith further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26.    All conditions precedent to Mrs. Smith's right to recover have been fully performed or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mrs. Smith prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mrs. Smith be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mrs. Smith may show herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:___*/s/ Maria Gerguis*___
        Maria Gerguis
        TBA No. 24090355
        mgerguis@dalyblack.com
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**

6